FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY PASHKOVSKY, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>GEICO CHOICE INSURANCE COMPANY, a foreign insurance company,<br><br>        Defendant. | No. 2:20-CV-00376-SAB<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES** |

    Before the Court is Plaintiff's Motion to Remand and Case to State Court and Motion for Attorney's Fees, ECF No. 2. In addition, filed the day before the remand motion was noted for hearing, Defendant filed a Sur-reply and Motion to Strike Plaintiff's late-filed reply in support of his motion, ECF No. 9. Plaintiff in turn filed a Motion to Accept Late Reply Brief, ECF No. 10. The motions were all considered without oral argument. Plaintiff is represented by Ronald Unger, and Defendant is represented by Erin Thenell and Rory Leid.

    Plaintiff requests the Court remand this matter to Grant County Superior Court because Defendant's removal was untimely under 28 U.S.C. § 1446. Defendant argues that removal was proper because, according to Defendant, it was not until the filing of the Second Amended Complaint in state court that Plaintiff properly alleged claims giving rise to an amount in controversy in excess of

**ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES \* 1**

$75,000. For the reasons discussed below, the motion to remand is **granted** and the motion for attorney's fees is **denied**. The motion to strike and the motion to accept late reply brief are **denied as moot**.

## Factual Background and Procedural History

This case arises out of an insurance coverage dispute. Plaintiff alleges he was seriously and permanently injured when a pickup truck driven by his father hit him and pinned him against another truck. Plaintiff alleged that Geico had covered his father with a $25,000 liability policy, plus an additional $25,000 in underinsured motorist coverage. Plaintiff alleges he sent a demand letter to Geico in August 2019, offering to settle the case for the policy limits, but Geico did not respond.

Plaintiff then served a complaint on Geico on February 28, 2020, and that complaint was filed on March 5, 2020 in Grant County Superior Court. Plaintiff alleged that Geico failed to conduct a reasonable investigation and had taken untenable positions that there was no liability coverage and no UIM coverage. He further alleged that Geico was negligent, breached its contract, acted in bad faith, and violated the Washington Insurance Fair Conduct Act (IFCA) and numerous provisions of the Washington Administrative Code. Plaintiff alleged he was entitled to attorney's fees, judgment in excess of the policy limits, and treble damages under IFCA. However, the IFCA claim was procedurally defective because Plaintiff failed to serve written notice of the basis of the claim 20 days prior to filing the action in accordance with Wash. Rev. Code § 48.30.015(8)(a). At some point that is not clear from the record, but sometime after the filing of the original complaint, Geico paid out the $25,000 policy limits to Plaintiff, but had not paid out the UIM benefits. *See* ECF No. 2-1.

On May 6, 2020, Geico requested an itemization of Plaintiff's attorney's fees in an attempt to resolve the claims. *See* ECF No. 2-3. The next day, Plaintiff's counsel provided the itemization. The email also notified Geico's counsel that the

ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES * 2

attorney's fees already totaled $131,832. *See* ECF Nos. 2-4, 2-5. Geico's attorney responded the same day, confirming receipt. *See* ECF No. 2-6.

On May 11, 2020, Plaintiff filed his First Amended Complaint. The FAC omitted the IFCA claim due to the procedural defect discussed above, but otherwise raised the same claims as the original complaint. In addition, the FAC added a Consumer Protection Act claim against Geico. The FAC also requested judgment be entered for the entire amount of damages suffered even if in excess of the $25,000 UIM policy limit, reasonable attorney's fees, and treble damages. *See* ECF No. 2-7.

On June 12, 2020, with newly-retained counsel, Geico wrote Plaintiff, asserting for the first time that Geico was denying UIM coverage on the ground that Plaintiff's father allegedly committed fraud. *See* ECF No. 2-9. The same day, Plaintiff sent a response letter denying the fraud allegations and advising that the value of Plaintiff's claim had increased to $137,907. *See* ECF No. 2-4, 2-5.

On July 23, 2020, Plaintiff served written notice on Geico, providing Geico the basis for asserting IFCA violations as required by Wash. Rev. Code § 48.30.015(8)(a). *See* ECF No. 2-10. He also sent a demand letter outlining his injuries and hospital bills and requested damages in excess of $900,000. *See* ECF No. 2-11. Plaintiff then filed its Second Amended Complaint—the operative Complaint—on October 1, 2020, alleging all causes of action in the FAC, plus the IFCA claim. Geico removed the SAC to federal court on October 14, 2020 on the basis of diversity jurisdiction. ECF No. 1.

### Legal Standard

1. <u>Removal</u>

A civil action brought in a state court which could have originally been filed in federal court may be removed by the defendant to the court for the district embracing the state court. 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction; the removing party always bears the burden of

**ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES \* 3**

establishing that removal is proper. *Gaus v. Miller*, 980 F.2d 564, 566 (9th Cir. 1992). Conclusory allegations will not suffice to overcome the traditional presumption against removal jurisdiction. *Rodgers v. Central Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1178 (W.D. Wash. 2006). The notice of removal must be filed within thirty days after receipt of the removable complaint, through service or otherwise. 28 U.S.C. § 1446(b)(1). If the original pleading is not removable, a notice of removal may be filed within thirty days after receipt of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3).

For purposes of the second thirty-day period for removal, an "other paper" does not include any paper received before the initial pleading. *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 885-86 (9th Cir. 2010). Because some pleadings may be "indeterminate" as to whether the face of the complaint establishes grounds for removal, the time for removal is not triggered until the defendant receives an amended or further pleading that "affirmatively reveals" the case is removable. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (finding that demand letter sent to defendant before the filing of the initial complaint could not establish removability). Thus, the grounds for removability must come from "the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Furthermore, the Ninth Circuit has rejected the argument that a pre-complaint document containing a "jurisdictional clue" can operate in tandem with an indeterminate pleading to trigger the time for removal. *Carvalho*, 629 F.3d at 886. Instead, several courts have recognized that the elements of removability must be in "official" papers, and pre-complaint demand letters or other forms of informal correspondence are not sufficient to trigger the time for removal. *See Riggs v. Continental Baking Co.*, 678 F. Supp. 236 (N.D. Cal. 1988); *see also*

ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES * 4

*Biggs Corp. v. Wilen*, 97 F. Supp. 2d 1040 (D. Nev. 2000), *abrogated on other grounds by Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164 (D. Nev. 2006). In addition, the Ninth Circuit has also recognized that the time to remove is not triggered by a suspicion that the plaintiff might amend their pleadings to put forward sufficient facts that would support removal jurisdiction. *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (finding that defendants' time to remove was triggered by official amendment to the Second Amended Complaint, not by the informal demand letter, because the amendment was the first time that specifically alleged facts and a claim that established a ground for removal).

For cases removed on the basis of diversity jurisdiction, the sum demanded in the pleading is the amount in controversy or if, based on other evidence in the record, the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

2. Remand

A motion to remand a case on the basis of any defect in removal other than lack of subject-matter jurisdiction must be made within thirty days after filing of the notice of removal. 28 U.S.C. § 1447(c). An order remanding a case may also require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal. *Id.*; *see also Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140-41 (2005) (noting that attorney's fees under § 1447(c) should only be granted where the removing party lacked an objectively reasonable basis for seeking removal).

**Motion to Strike and Motion to Accept Late Reply Brief**

The Court first considers these two related motions. Geico asks the Court to strike Plaintiff's reply in support of his motion to remand because it was filed 27 days late. Plaintiff, in turn, says the late filing was a mistake; he incorrectly applied

ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES * 5

the Western District of Washington's local rule for reply briefs instead of the Eastern District local rule. He also argues that Geico fails to show that it was prejudiced in any way by his late reply. Although the rapidly filed briefing on this issue has been unnecessarily rancorous, with each side accusing the other of mudslinging and unprofessionalism, the Court did not and need not consider Plaintiff's late-filed reply to reach a decision on the motion to remand. Both motions are denied as moot.

**Plaintiff's Motion to Remand and for Attorney's Fees**

Plaintiff argues that Geico's removal was untimely because the notice of removal was filed more than 30 days after it received the original complaint, and that the case was removable on the basis of the original complaint. He also argues that, even if the original complaint was not removable, Geico received numerous post-complaint papers and the FAC, which he argues gave Geico sufficient information from which it could ascertain the case was removable months before it was ultimately removed. In response, Geico argues neither the original complaint nor the FAC were removable on their faces because neither satisfied the amount in controversy required for diversity jurisdiction. It argues that the basis for treble damages was procedurally defective and was ultimately dropped in the FAC and therefore cannot be the basis of removal. It also argues that the demand letters and other correspondence sent to it are not "other papers" for purposes of removal, and therefore the case was not affirmatively removable on its face until the filing of the SAC, complete with the procedurally sufficient IFCA claim for treble damages.

The parties agree that diversity of citizenship was satisfied on the face of the original complaint. They disagree as to when it became apparent that the amount in controversy exceeded $75,000. On the face of the original complaint, Plaintiff alleged damages of $50,000 ($25,000 under the liability policy, plus $25,000 of UIM benefits), plus treble damages under IFCA and attorney's fees. ECF No. 2-1 at ¶ 3.3 The original complaint also stated that Plaintiff was seeking "the entire

ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES ~ 6

amount of any reasonable judgment . . . even if said judgment exceeds" the policy limits. *Id*. Basic arithmetic puts the value of Plaintiff's claims in excess of $75,000. *See Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1129-30 (C.D. Cal. 2016); *Leiser v. Garrison Prop. & Cas. Ins. Co.*, No. 20-cv-5446-RJB, 2020 WL 3428029 at *3 (W.D. Wash. June 23, 2020). Even accounting for the fact that Geico at some point paid out the liability policy benefits, Plaintiff still had a claim of at least $75,000. Defendant argues that the basis for treble damages was procedurally defective and therefore cannot be the basis of removal. However, Defendant does not cite to binding authority for this proposition. Whether Plaintiff's IFCA claim was procedurally proper could go to a Rule 12 argument to dismiss that claim, but the original complaint alleged Plaintiff's damages in good faith and was supported by a preponderance of the evidence. *Rodriguez,* 728 F.3d at 982.

   The Court is guided by the policy that, in the face of doubt as the propriety of removal, it must remand cases to the state court. Defendant should have removed this case to federal court within 30 days of receipt of the original complaint; instead, Defendant waited over seven months before removing on the basis of the SAC. Therefore, this case is remanded to state court.

   The Court next considers whether Plaintiff is entitled to attorney's fees. Although Defendant was not timely in seeking removal in this case, it was not unreasonable to remove the SAC because the complaint was—on its face— removable, but for the fact that deadline for removing was past. Plaintiff is not entitled to attorney's fees. *See Martin*, 546 U.S. at 141.

   Accordingly, **IT IS HEREBY ORDERED**:

   1. Plaintiff's Motion to Remand and Case to State Court and Motion for Attorney's Fees, ECF No. 2, is **GRANTED** in part and **DENIED** in part. The Motion is granted as to the motion to remand and denied as to the motion for fees.

   2. This matter is **REMANDED** to Grant County Superior Court.

ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES * 7

3.     Defendant's Sur-Reply/Motion to Strike Plaintiff's Delinquent Reply Memorandum, ECF No. 9, is **DENIED AS MOOT.**

4.     Plaintiff's Response Brief in Opposition to Defendant's Motion to Strike and Motion to Accept Late Reply Brief, ECF No. 10, is **DENIED AS MOOT**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and **close** the file.

**DATED** this 28th day of December 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES \* 8**